## J. A. HORN v. STATE.

No. A-4764.   Opinion Filed July 28, 1925.
(238 Pac. 233.)

Swindall & Wybrant, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that in Woodward county, January 6, 1923, J. A. Horn did unlawfully sell intoxicating liquor, to wit, one gallon of wine to Roy Johns, Clint Forsaythe, Lee McFadden, and Floyd Jones. On the trial the jury returned a verdict finding the defendant guilty as charged in the information and fixing his punishment at a fine of $50 and 30 days in the county jail. To reverse the judgment he appeals.

On the various errors assigned it is only necessary to

consider the one, that the evidence is insufficient to sustain the verdict.

Roy Johns testified that with the others he drove up to the Layne place in Quinlan and bought a gallon "of some stuff that was supposed to be wine"; that it was about 2 o'clock in the afternoon; that the defendant brought it out and put it in the car; that they drove north of town about a mile and drank some of it. He was then asked: "Was the wine that you drank intoxicating; that is, did it have an intoxicating effect?" and answered, "I could not feel it myself."

Floyd Jones testified that he was married and lived on a farm about 12 miles southeast of Quinlan, and in company with Johns, Forsaythe, and McFadden went to the Layne place in Quinlan and got a gallon jug of wine from Mr. Horn; that he brought it out to the car and some one gave him the money for it; that they drove out of town and drank about a fourth of it. He was then asked, "Did it have any intoxicating effect?" and answered, "Very little," and that he did not know whether it had any alcohol in it or not.

Lee McFadden testified that he was present when the defendant brought a gallon jug out to the car; that they drove out of town and drank about half of it, then hid the jug in the grass; that it was then about 4 o'clock in the afternoon.

The state rested, and the defendant moved the court to direct the jury to return a verdict of not guilty, because the evidence is insufficient to sustain a conviction. Which motion was overruled; exception allowed.

J. A. Horn, the defendant, testified that he was a farmer and stock raiser; lived at Quinlan; that he had made five or six gallons of grape juice out on the farm by boiling wild grapes in a cooking kettle, and that gallon was

the only part of it that he had sold. He produced a half-gallon jar of grape juice, and testified that it contained exactly the same stuff that he sold. It was offered in evidence. The objection of the state to the admission of the sample in evidence was sustained. He then testified that a person could drink all that was in the jar and it would not have any intoxicating effect.

Elmer Finley testified that he had lived there 22 years, on the farm for about 10 years, about 10 years in the bank, and now in the hardware business; that he drank some of the grape juice that Mr. Horn made; that Jim Farris gave it to him. He was then asked if it had any alcohol in it, or did it have an intoxicating effect. The objection of the state was sustained.

Eli Roberts testified that he had known the defendant there 16 years. He was then asked if he drank some of the grape juice that Mr. Horn made. The court sustained the state's objections. Counsel for the defendant offered to show that this witness drank some of the grape juice and that the same is non-alcoholic.

A careful consideration of the testimony leads to the conclusion that the evidence is insufficient to support the verdict. The state cannot claim a conviction when the testimony of the witnesses for the state shows that they did not know whether the beverage was intoxicating or not. There must be affirmative proof establishing this fact as clearly as the fact of the sale. The defendant's testimony that it was not intoxicating is undisputed.

The judgment of the lower court is therefore reversed.

BESSEY, P. J., and EDWARDS, J., concur.